**AGREED UPON REDACTED COPY**

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**BID PROTEST**

| | |
|---|---|
| HWA, INC.,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant. | No. 07- |

**COMPLAINT FOR INJUNCTIVE, DECLARATORY AND MONETARY RELIEF**

This is a bid protest action in which Plaintiff HWA, Inc. ("HWA") complains of the procurement practices of the United States, by and through the Department of Homeland Security, Immigration and Customs Enforcement, Federal Protective Service ("DHS"), the procuring agency, with the assistance from GovWorks, a Federal Acquisition Center under the Department of Interior, which led to the selection of Wackenhut Services, Inc. ("WSI") instead of HWA to receive a Blanket Purchase Agreement ("BPA") from DHS to provide armed and unarmed guard services for Federal buildings in Manhattan, Long Island and the Bronx. HWA seeks (1) a declaration that DHS and GovWorks acted unreasonably and contrary to law and regulations when it selected WSI for award of the BPA because the government's action (a) lacked a rational basis, (b) violated procurement regulations when it relied upon negative past performance information regarding HWA that had never been presented to HWA and to which HWA was not provided an opportunity to respond, and (c) failed to follow the terms of the solicitation regarding the relative importance of the evaluation factors; (2) an injunction preventing the government from awarding any work to WSI under the BPA and directing

DHS to reevaluate the proposals in a manner consistent with the law and the requirements of the solicitation; and (3) an award to HWA of its bid preparation and proposal costs.

**Parties**

1. Plaintiff HWA, Inc. is a Washington corporation with its principal place of business in Seattle, Washington.

2. Defendant is the United States, acting by and through the DHS and GovWorks.

**Jurisdiction**

3. The Court has jurisdiction pursuant to 28 U.S.C. § 1491(b).

**Facts**

4. On December 4, 2006, GovWorks, on behalf of DHS, issued Request for Quotation ("RFQ") 62949 seeking quotes from current General Services Administration, Federal Supply Schedule 84 "Total Solutions for Law Enforcement, Security, Facilities Management, Fire, Rescue, Clothing, Marine Craft and Emergency/Disaster Response" SIN 246 54 "Guard Services" contract holders to provide armed and unarmed guard services at various Federal buildings in Manhattan, Long Island and the Bronx.

5. HWA was such a contract holder and received a copy of RFQ 62949 from GovWorks.

6. The RFQ anticipated a single task order awarded to the successful bidder for all areas for a base year and four one-year option periods.

7. The RFQ listed four evaluation factors: technical capability, past performance, price and socio-economic factors. According to the RFQ as issued, technical and past performance factors were of equal importance and, when combined, were more important than price. Further, the socio-economic factor was

equal in importance to all of the other factors combined and the consideration of the socio-economic factor was “in accordance with GSA Acquisition Letter V-05-12 dated 6/6/05 and extended in ‘Supplemental Number One.’” The specifics of the technical capability evaluation factor required the bidder to provide a technical proposal that addressed (a) management approach, (b) technical capabilities, (c) successful completion of comparable work, and (d) assumptions and conflicts.

8. The due date for quotes to the government was initially established as December 22, 2006.

9. Consistent with the weighting of the factors described in the RFQ, the RFQ stated that the “Government reserves the right to make an award to other than the low priced contractor if the superior technical proposal, the proposal indicating a reduced performance risk, or certain socio-economic concerns warrants paying a premium.”

10. The Government issued Amendment 1 to the RFQ, extending the date for submission of quotes to January 25, 2007.

11. On January 16, 2007, the Government issued Amendment 2 to the RFQ, incorporating new wage determinations, a revised statement of work (“SOW”), a clarification of how the Government would score the socio-economic factor and questions from and answers to interested bidders.

12. Pursuant to question and answer number two contained in Amendment 2 to the RFQ, the Government confirmed that, when combined, the technical, price and past performance factors were equal in value to the socio-economic evaluation factor.

13. Amendment 2 also provided greater detail regarding how the government would evaluate the socio-economic factor. Specifically, according to Amendment 2

to the RFQ, a bidder would receive a score of "excellent" on the socio-economic factor when 90% or more of the services would be performed by a small business. In contrast, if less than 24% of the services would be performed by small business, the bidder would receive a score of "poor."

14. On January 23, 2007, the Government issued amendment 3 to the RFQ, extending the RFQ closing date for submission of proposals to February 14, 2007 and modifying the evaluation factors. According to the amended RFQ, "Technical Capability, Past Performance and Price are listed in descending order of importance and when combined, are more important than Socio-Economic Factors."

15. As a result of this amendment to the RFQ, although the combination of technical capability, past performance and price was now more important than the socio-economic factor standing by itself, the socio-economic factor remained the single most important evaluation factor and price remained the least important factor.

16. On March 30, 2007, the Government cancelled the RFQ in its entirety due to internal funding concerns.

17. On April 12, 2007, HWA received an electronic mail from GovWorks in which GovWorks stated that DHS wanted to award a single Blanket Purchase Agreement ("BPA") using the same evaluation criteria that had been established in RFQ 62949 and using the quotes already submitted to the government and asked whether HWA was interested in participating. HWA responded affirmatively.

18. Thereafter, on May 10, 2007, the Government issued Amendment Number 4 to the RFQ 62949. Amendment 4 incorporated new wage rates and a revised SOW, among other things. The evaluation factors previously established were not changed.

The Amendment also established May 16, 2007 ad the due date for submissions by offerors.

19. HWA submitted an offer in response to Amendment 4 to the RFQ. HWA's offer was fully compliant with all requirements of the RFQ, as amended.

20. On July 31, 2007, by electronic mail, HWA received a letter, dated July 30, 2007, from Mr. George Shirley, the Contracting Officer, stating that HWA was not selected for the BPA. Instead, according to the letter, "In accordance with the method of award set forth in the solicitation, the Source Selection Authority determined that the Wackenhut Services, Inc. offer was the best value in terms of price and technical merit."

21. On July 31, 2007, HWA requested a debriefing, which was held on Friday, August 3, 2007, the first available date offered by the Government.

22. The debriefing was done by telephone by the Contracting Officer and source selection authority.

23. According to the Contracting Officer, and provided the following information regarding the overall scoring of the two proposals:

| | **WSI** | **HWA** |
|---|---|---|
| Technical Proposal | | |
| Past Performance | | |
| Price | | |
| Socio-Economic | | |

24.

25.

26.

27.

28.

29.

30. DHS refused to provide any evaluation of performance tendered by HWA since 2005. That failure and refusal by DHS to provide HWA an evaluation of its past performance for the past two years violates the Federal Acquisition Regulations.

To the extent the government relied upon negative past performance not shown to HWA as the basis for downgrading HWA's past performance score in this procurement from "Outstanding" to "Excellent," such

conduct by the government would also be in direct violation of the Federal Acquisition Regulations and render its award decision invalid.

31. During the debriefing, the Contracting Officer informed HWA that the best value decision was actually based upon the first three factors (technical capability, past performance and price) and that the socio-economic factor was only going to be used in the event it was needed to break a tie between to closely scored offers. Thus, according to the Contracting Officer, the government did not consider HWA's socio-economic score in making its award decision, notwithstanding the fact that the socio-economic factor was the single most important evaluation factor. Such conduct by the government is in direct violation of the law, arbitrary, capricious and an abuse of discretion.

32. The Contracting Officer also stated during the debriefing the only meaningful criteria he could go by in making the award decision was price and that to select a higher priced offer required a significantly better technical proposal. However, pursuant to the terms of the solicitation, price was the least important factor and a strong rating on the socio-economic factor alone would warrant a higher price. Accordingly, the Contracting Officer violated the terms of the solicitation by failing to apply the evaluation factors as written.

33.

34. DHS intends to have WSI begin performing under BPA No. HSCEG1-07-A-00011 on October 1, 2007.

**Count One**
**Declaratory Judgment**

35. HWA incorporates herein the allegations set forth in paragraphs 1 through 34 above.

34. DHS, with the assistance of GovWorks, improperly selected WSI rather than HWA for award of the Guard Services BPA. DHS's action was improper because its decision (a) lacked a rational basis; (b) violated the terms of the RFQ; (c) violated the Federal Acquisition Regulation by relying upon negative past performance information regarding HWA that had never been presented to HWA and to which HWA was not provided an opportunity to respond; and, (d) failed to follow the terms of the solicitation regarding the relative importance of the evaluation factors.

35. Such conduct by DHS and GovWorks was contrary to law and the solicitation, was arbitrary, capricious and an abuse of discretion.

36. HWA was prejudiced by the Government's improper and illegal conduct.

37. The dispute between HWA and the Government is an actual, real and substantial controversy that is justifiable by this Court under 28 U.S.C. § 1491(b).

38. HWA has been and continues to be harmed by the Government's conduct.

39. HWA is entitled to a judgment that the Government's selection of WSI lacked a rational basis, was contrary to law, regulation and the solicitation, was arbitrary, capricious, an abuse of discretion and is for no force or effect.

**Count Two**
**Injunctive Relief**

40. HWA incorporates herein the allegations set forth in paragraphs 1 through 41 above.

41. HWA has been and continues to be harmed by the Government's conduct.

42. The Government's selection of WSI for the Guard Services BPA is without force and effect.

43. HWA would suffer additional and irreparable harm were the award of the BPA to WSI to be given effect and WSI be allowed to perform thereunder.

44. Because, for the reasons stated herein, the government failed to comply with the law, regulation and the solicitation

45. HWA would suffer additional and irreparable harm were DHS to issue orders against the BPA improperly awarded to WSI, whereas a delay in the placement of those orders against the BPA while the Court adjudicated this matter would not unduly prejudice DHS.

46. Therefore, HWA is further entitled to a preliminary injunction preventing the DHS from implementing the BPA and placing orders against it until the Court resolves the merits of HWA's complaint.

**Prayer for Relief**

WHEREFORE, Plaintiff HWA respectfully requests that the Court enter and order providing the following relief:

a. Declare that the selection of WSI by DHS lacked a rational basis, was contrary to law, regulation and the solicitation, was arbitrary, capricious and an abuse of discretion, and is of no force or effect;

b. Grant an injunction ordering DHS not to put into effect the BPA or place any orders against it;

c. Direct DHS to take corrective action by re-evaluating HWA's proposal in a manner consistent with law, regulation and the solicitation and thereafter making a source selection decision which properly applies the evaluation factors and their respective relative weights;

d. Award HWA its bid preparation and proposal costs;

e. Award HWA is attorneys' fees and expenses in pursuing this action; and

f. Award HWA such other and further relief as the Court deems equitable and just.

Dated this 23rd day of August, 2007.

Respectfully submitted,

HWA, Inc.,

By: s/Mark G. Jackson

Mark G. Jackson, WSBA 18325
GARVEY SCHUBERT BARER
1191 Second Avenue, Suite 1800
Seattle, WA 98101
206-464-3939
206-464-0125 (fax)

Counsel of Record for Plaintiff HWA, Inc.

Of Counsel:

Richard D. Gluck
GARVEY SCHUBERT BARER
1000 Potomac Street N.W., Suite 500
Washington, D.C. 20007
(202) 965-7880
(202) 965-1729 (fax)

SEA_DOCS:859662.1 [13305-00500]